UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RALPH N. LESTER,**

    Plaintiff,

v.                                        Civ. No. 10-589 JB/RHS

**TERRI BELT; JOHN DOE,**

    Defendants.

### MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** comes before me on an Order of Reference issued pursuant to 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Virginia Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990), and directing me to "perform any legal analysis required to recommend to the Court an ultimate disposition" of any motions filed in this case. *See* Doc. 4. Before the Court is pro se plaintiff Ralph N. Lester's *Motion to Proceed in forma pauperis* ("IFP"), filed June 18, 2010. *See* Doc. 3. Before ruling on the motion, the Court must "review the affidavit and screen [Lester's] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005).

**I. Applicable legal standards.**

Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a

---

[1] Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed, no appellate review will be allowed.

claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e).  "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312.  A party wishing to proceed IFP must demonstrate that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself . . . with the necessities of life."  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  But even if a plaintiff is indigent, if a complaint that a plaintiff seeks to file without prepaying filing fees fails to state a claim on which relief may be granted, it must be dismissed.  *See* § 1915(e)(2)(B)(ii); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that dismissal of such complaints is now mandatory).

In reviewing the Complaint, the Court "will not supply additional facts, [or] construct a legal theory for [a] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).  And as an initial matter, "[a] federal court must in every case, and at every stage of the proceeding, satisfy itself as to its own jurisdiction, and the court is not bound by the acts or pleadings of the parties."  *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1301 (10th Cir. 1980).  "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

> Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction.  There are two statutory bases for federal subject-matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332 and federal-question jurisdiction under 28 U.S.C. § 1331.

*Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003) (internal quotation marks and

citations omitted).

## II. Indigency.

Lester, who is 59, divorced, and without dependents who rely on him for support, has been unemployed for 15 years.  *See* Doc. 3 at 1-2.  He has unpaid student loans of $186,000 and a loan from his parents for $146,000, plus two other bank loans of $1000, for which he makes no payments.  *See id.* at 3.  He swears that he receives no income from any source and pays no rent or utilities.  *See id.* at 2-3.  On these facts, it appears that Lester may meet the indigency requirement.  I turn, therefore, to the document he has filed.

## III. The Writ of Replevin.

Lester has filed a document entitled "Writ of Replevin."  Doc. 1.  In it, he seeks an order requiring the Defendants to return to him a 1989 Chrysler Fifth Avenue automobile that he contends was stolen from him.  *See id.* at 1.  He alleges that the Defendants apparently purchased the car from a Belen junkyard, and when they tried to obtain a title to it, the Department of Motor Vehicles would not issue one because it had been reported as stolen.  *See id.*  He states that attempts to settle the matter or to get the car back from the Defendants have been unsuccessful.  *See id.*

## IV. Analysis

To commence a civil action in federal court, a plaintiff must file a "complaint."  FED. R. CIV. P. 3.  The complaint must contain a "short and plain statement of the grounds for the court's jurisdiction," facts showing that the plaintiff is entitled to relief, and a demand for relief.  FED. R. CIV. P. 8(a).  "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

3

Although a writ of replevin is a *remedy* that may be granted under federal law, *see* FED. R. CIV. P. 64, that remedy only arises from a cause of action that has been properly filed. *See id.*; Am. Jur. *Replevin* § 46 ("the writ of replevin is ancillary and merely an aid of the principal suit, not the cause of action itself. Thus, in modern statutory actions to determine the right to possession of chattels, jurisdiction is generally conferred by the issuance or service of process and the writ of replevin whereby immediate possession of such chattels may be obtained pending final determination of the action is ancillary to the main action.") (footnote omitted). Lester's "Writ of Replevin" is not a "complaint."

Further, nothing in Lester's document sets forth facts to establish the subject-matter jurisdiction of this Court. There appears to be no federal question, and the parties do not appear to be diverse. Accordingly, the Court must dismiss the case without prejudice both because no Complaint has been filed and because Lester has not demonstrated this Court's subject-matter jurisdiction, *see* FED. R. CIV. P. 12(h), and must deny the motion to proceed IFP, *see* § 1915(e)(2)(B)(ii); *Trujillo*, 465 F.3d at 1217 n.5 (stating that amendments to the PLRA made dismissals under § 1915(e) mandatory). Dismissal without giving leave to amend is particularly appropriate, since it appears that Lester cannot state facts to establish this Court's subject-matter jurisdiction. *See Phillips v. Pub. Serv. Co. of N.M.*, No. 02-2197, 58 Fed. Appx. 407, *409, 2003 WL 191461, **2 (10th Cir. Jan. 29, 2003) (per curiam) (noting that, "[b]ecause [the complaint] was dismissed without prejudice, no real disadvantage has come to [the plaintiff] as a result of the *sua sponte* dismissal and his due process rights and right of access to the courts are not implicated. Should he have a good faith basis to do so, [the plaintiff] is free to file another complaint.") (citation omitted). Lester's remedy is to file an action for replevin against the Defendants in state-district or state-magistrate court. *See* N.M.S.A. 1978 § 42-8-1 ("Any person having a right to the immediate

possession of any goods or chattels, wrongfully taken or wrongfully detained, may bring an **action** of replevin for the recovery thereof and for damages sustained by reason of the unjust caption or detention thereof") (emphasis added); N.M.S.A. 1978 § 35-11-1 ("Whenever any personal property is wrongfully taken or detained, the person having a right to immediate possession may bring a **civil action** of replevin for recovery of the property and for damages sustained from the wrongful taking or detention. However, in replevin actions, magistrate courts shall not issue any writs of replevin or any other orders providing for a seizure of property before judgment.") (emphasis added).

## RECOMMENDED DISPOSITION

I recommend dismissing without prejudice Lester's request for a writ of replevin because no Complaint has been filed and because this Court lacks subject-matter jurisdiction under FED. R. CIV. P. 12(h) and *Trujillo*, 465 F.3d at 1217, and denying his motion to proceed IFP under § 1915(e)(2)(B)(ii) and *Lister*, 408 F.3d at 1312.

*Robert Hayes Scott*
**UNITED STATED MAGISTRATE JUDGE**