IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RALPH N. LESTER,

    Plaintiff,

v.   No. CIV 10-0589 JB/RHS

TERRI BELT and JOHN DOE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Magistrate Judge's Analysis and Recommended Disposition, filed July 6, 2010 (Doc. 6)("A&RD"). On July 12, 2010, Plaintiff Ralph N. Lester filed a Motion to Reconsider Recommendation to Dismiss, which the Court construes as objections to the A&RD, see Doc. 7 ("Objections"), and a Request for Setting, see Doc. 8. Having reviewed the A&RD, and considered *de novo* those portions of the A&RD to which Lester objects, the Court will adopt in part the analysis of the Honorable Robert H. Scott, United States Magistrate Judge, and dismiss Lester's Writ of Replevin, filed June 18, 2010 (Doc. 1), without prejudice. The Court will give Lester ten days to file a motion to amend, to which he should attach a proposed amended complaint that comports with the Federal Rules of Civil Procedure and cures the deficiencies described below.

## PROCEDURAL BACKGROUND

On June 18, 2010, Lester filed a document styled "Writ of Replevin." That document states, in its entirety:

> COMES NOW PLAINTIFF RALPH N. LESTER and states that Terri Belt, as agent for her father, and John Doe, her father, name unknown, have wrongfully detained Plaintiff's personal property, to wit, a 1989 Chrysler 5th Avenue, New Mexico

>license number DWN 594, VIN number 1C3XM66P3KW303305.  Plaintiff had previously reported the vehicle stolen.
>
>According to the Albuquerque Police Department Report witness statement enclosed[1], Defendant(s) purchased the vehicle from a junkyard in Belen, New Mexico, but when they attempted to obtain New Mexico Motor Vehicle Division title and registration, they were unable to because the vehicle had been reported stolen.  The vehicle's title and registration is in Plaintiff's name, and has been since the year 2002.  Attempts to settle this matter by phone have been unsuccessful, and Defendant(s) have become somewhat verbally abusive, so Plaintiff requests that Defendant(s) make no further phone calls.  Any previous offer to settle the claim is withdrawn forthwith.
>
>Plaintiff respectfully requests that the Court order Defendants to return the vehicle to Plaintiff, and to attach the vehicle during the pendency of these proceedings.

Writ of Replevin at 1.  On the same day, Lester also filed a motion to proceed *in forma pauperis*.

See Motion to Proceed In Forma Pauperis with Financial Affidavit Pursuant to 28 U.S.C. § 1915, filed June 18, 2010 (Doc. 3).  The Court referred the case to Judge Scott on June 21, 2010.

Perhaps predicting that there was a problem with his federal suit, on July 2, 2010, Lester filed a motion to add a new Defendant.  That motion, in its entirety, states:

>NOW COMES PLAINTIFF RALPH N. LESTER and moves the Court to add the City of Albuquerque as a Defendant.  As reason therefore, Plaintiff states that the City engaged in an unconstitutional taking of property belonging to him.

Motion to Add Defendants, filed July 2, 2010 (Doc. 5).

On July 6, 2010, Judge Scott issued his A&RD.  In the A&RD, Judge Scott first concludes that Lester has established his indigency, and thus that proceeding *in forma pauperis* would be appropriate if Lester can state a claim.  See A&RD at 3.  Judge Scott, however, cites several deficiencies in Lester's pleadings.  First, Judge Scott asserts that Lester's pleading is improper because it is styled a "Writ of Replevin," and not a Complaint.  A&RD at 3-4 ("Lester's 'Writ of

---

[1] The Court has found no such Report anywhere on the docket.

Replevin' is not a 'complaint.'"). Second, Judge Scott finds that Lester's Writ of Replevin failed adequately to set forth the basis of the Court's jurisdiction. See A&RD at 4 ("[N]othing in Lester's document sets forth facts to establish the subject-matter jurisdiction of this Court. There appears to be no federal question, and the parties do not appear to be diverse."). Finally, Judge Scott concluded that dismissal without leave to amend was appropriate because it appeared that "Lester cannot state facts to establish this Court's subject-matter jurisdiction." A&RD at 4 (citing Phillips v. Pub. Serv. Co. of N.M., 58 Fed. Appx. 407, 409 (10th Cir. 2003)). Judge Scott made no mention of Lester's July 2, 2010 motion, which attempted to add a constitutional claim against the City of Albuquerque.[2]

On July 12, 2010, Lester filed his Motion to Reconsider Recommendation to Dismiss. That document stated, in its entirety:

> COMES NOW PLAINTIFF RALPH N. LESTER and moves the Court to reconsider the Recommendation to Dismiss. As reason therefore, Plaintiff states that the needed Complaint is now filed[3], Plaintiff was unavoidably detained while waiting for the Albuquerque Police Department auto theft detectives to attempt to determine who towed the vehicle and question and how it ended up at a junk dealer in Belen, New Mexico, which they have been unable to do so far. Further, the needed jurisdictional basis is the federal question of unconstitutional taking of the vehicle by the City of Albuquerque, which was already added as a Defendant for that reason.

Objections at 1. Also on July 12, 2010, Lester filed his Request for Setting, which appears to ask Judge Scott to set a thirty-minute hearing to discuss the "[p]reliminary motion to attach personal property to the case." Request for Setting at 1.

---

[2] In the legal authorities that Judge Scott cites, he also suggests that Lester's Writ of Replevin fails to meet the basic requirement that "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." A&RD at 3 (quoting Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007)).

[3] The docket does not reflect that Lester has filed any such complaint.

## **SUA SPONTE DISMISSAL UNDER 28 U.S.C. § 1915**

>   [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a).[4]  On the other hand,

>   the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).  As the Supreme Court of the United States has recognized, 28 U.S.C. § 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

"Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999); Whitney v. New Mexico, 113 F.3d 1170, 1173 (10th Cir. 1997). "In determining whether dismissal is proper, [the court] must accept the allegations of the complaint as true and we must construe those

---

[4] The statute refers to an "affidavit that includes a statement of all assets such <u>prisoner</u> possesses." 28 U.S.C. § 1915(a)(1) (emphasis added). The Tenth Circuit has held, however, that the statute applies equally to non-prisoner *in forma pauperis* litigants. See Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005)(citing the "such prisoner" language, and stating that "[s]ection 1915(a) applies to all persons applying for IFP status, and not just to prisoners.")(citing Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n.1 (11th Cir. 2004); Haynes v. Scott, 116 F.3d 137, 140 (5th Cir. 1997); and Floyd v. United States Postal Serv., 105 F.3d 274, 275 (6th Cir. 1997)). See also Fry v. Beezley, No. 10-3050-SAC, 2010 WL 1371644, at *1 (D. Kan. Apr. 6, 2010)("Section 1915(e) applies to all in forma pauperis litigants, including non-prisoners.").

allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." Perkins v. Kan. Dep't of Corr., 165 F.3d at 806.  Furthermore, it is appropriate to liberally construe the allegations of a pro se litigant's complaint. See id.  If dismissal is appropriate, it is customary to give the *pro se* litigant an opportunity to amend his or her pleading to cure deficiencies.  See Perkins v. Kan. Dep't of Corr., 165 F.3d at 806 (stating that a 28 U.S.C. § 1915(e)(2) dismissal for failure to state a claim is proper only where it would be futile to give an opportunity to amend); Hall v. Bellmon, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991)("[P]*ro se* litigants are to be given reasonable opportunity to remedy the defects in their pleadings."); Fry Bros. Corp. v. Dep't of Hous. & Urban Dev., 614 F.2d 732, 733 (10th Cir. 1980)(noting, without question, the trial court's decision to dismiss a complaint for want of jurisdiction "with leave to amend to properly plead jurisdiction"); Shell v. Am. Family Rights Ass'n, No. 09-CV-00309-MSK-KMT, 2010 WL 1348548, at *14 n.19 (D. Colo. Mar. 31, 2010)("Normally, the Court affords a plaintiff an opportunity to amend the complaint to cure any pleading deficiencies."); Wilson v. Johnson, No. CIV 10-0345 JB/WDS, 2010 WL 2985026, at *1 (D.N.M. June 9, 2010)(Browning, J.)("The Court finds that it would be in the interest of fairness to allow Wilson to amend his Complaint to cure these likely formalistic deficiencies and proceed to have the merits of his Complaint heard.").

### RELEVANT LAW OF TAKINGS CLAIMS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS

The Fifth Amendment of the Constitution of the United States has several important provisions.  The Takings Clause states that "private property" shall not "be taken for public use, without just compensation." U.S. Const. amend. V.  As the Supreme Court has put it: "The Takings Clause of the Fifth Amendment, applicable to the States through the Fourteenth Amendment, . . . prohibits the government from taking private property for public use without just compensation."

Palazzolo v. Rhode Island, 533 U.S. 606, 617 (2001). A government actor can "take" property for the purposes of the Fifth Amendment either by physically depriving the owner of the property or by placing upon the property such restrictive regulations that the owner is effectively deprived of the ability to use the property. See Palazzolo v. Rhode Island, 533 U.S. at 617 (noting that "even a minimal 'permanent physical occupation of real property" requires compensation under the Clause'" and that "a regulation which 'denies all economically beneficial or productive use of land' will require compensation under the Takings Clause.").

## ANALYSIS

Judge Scott concluded that there were several deficiencies in Lester's Writ of Replevin, and the Court agrees with that assessment. The Court disagrees, however, that the correct course of action is to dismiss Lester's Writ of Replevin without prejudice. Rather, in accord with the Tenth Circuit's precedent, the Court will conditionally dismiss the Writ of Replevin. The Court will not enter final judgment for ten days from the entry of this Memorandum Opinion and Order. If Lester believes he can cure the deficiencies which the Court will discuss below, he must file a motion for leave to amend and attach a proposed amended complaint. Judge Scott will then review the proposed amended complaint and determine if it successfully cures the deficiencies he and the Court have identified. If the amended complaint meets with Judge Scott's approval, he will recommend that the Court grant Lester's motion to amend, and Lester's action will proceed. If the proposed complaint does not cure the current Writ's deficiencies, Judge Scott will recommend that the Court deny the motion to amend, and the Court, if it agrees the motion should be denied, will enter final judgment in this case.

Again, "[d]ismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give

him an opportunity to amend." Perkins v. Kan. Dep't of Corr., 165 F.3d at 806; Whitney v. New Mexico, 113 F.3d at 1173. "In determining whether dismissal is proper, [the court] must accept the allegations of the complaint as true and . . . must construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." Perkins v. Kan. Dep't of Corr., 165 F.3d at 806. Furthermore, it is appropriate to liberally construe the allegations of a pro se litigant's complaint. See id. If dismissal of a complaint is appropriate, it is customary to give the *pro se* litigant an opportunity to amend the pleading to cure deficiencies. See Perkins v. Kan. Dep't of Corr., 165 F.3d at 806; Hall v. Bellmon, 935 F.2d at 1110 n.3; Fry Bros. Corp. v. Dep't of Hous. & Urban Dev., 614 F.2d at 733; Shell v. Am. Family Rights Ass'n, 2010 WL 1348548, at *14 n.19; Wilson v. Johnson, 2010 WL 2985026, at *1. Because the Court cannot confidently say that it would be futile to give Lester an opportunity to amend his complaint, the Court finds that dismissal without leave to amend is improper. Instead, the Court will allow Lester an opportunity to cure the deficiencies described in this Memorandum Opinion and Order.

First, Judge Scott is correct that the operative document to initiate a lawsuit in federal court is a complaint. See A&RD at 3. The Federal Rules of Civil Procedure state that "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. The Court has, however, construed and treated Lester's Writ of Replevin as a complaint for the purposes of satisfying the Federal Rules. See, e.g., Hall v. Flowers, 133 F.3d 932 (Table), 1998 WL 3461, at *1 (10th Cir. Jan. 6, 1998)(construing a hand-written petition for a writ of habeas corpus as a complaint based on the relief sought, because "pro se pleadings are to be liberally construed"). Nevertheless, as the Court will ask Lester to make several other modifications to his Writ of Replevin, it would be appropriate for the amended complaint to be titled a "complaint," as rule 3 requires.

Next, Judge Scott concluded that the Writ of Replevin stated no basis of federal jurisdiction.

See A&RD at 4.  When the Writ of Replevin was filed, this conclusion was accurate.  Lester's Writ makes no reference to any party's state of citizenship, nor to the value of the vehicle that is the topic of the controversy.  There is thus no way to determine if diversity jurisdiction exists.  See 28 U.S.C. § 1332.  There also was no suggestion that Lester's claims were federal in nature, so Judge Scott could not find that federal-question jurisdiction existed.  See 28 U.S.C. § 1331.  Before Judge Scott filed his A&RD, however, Lester filed his motion to add the City of Albuquerque as a defendant in this case, asserting a claim that the City took his vehicle in violation of the Fifth Amendment.  See Motion to Add Defendants at 1; Motion to Reconsider Recommendation to Dismiss at 1.  This new claim, if sustainable, would provide the necessary basis for federal jurisdiction.  See United States v. Causby, 328 U.S. 256, 266 (1946)("[T]he meaning of 'property' as used in the Fifth Amendment [i]s a federal question[.]"); Lohman Props., LLC v. City of Las Cruces, No. CIV 08-0875 JB/WPL, 2008 WL 5999791, at **2-3  (D.N.M. Dec. 8, 2008)(Browning, J.)("The Plaintiffs' § 1983 claim for a Fifth Amendment taking of property is the only federal cause of action they raise in their Complaint.").  The Court would then have supplemental jurisdiction over Lester's state-law claims against Defendants Terri Belt and John Doe.

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . [,] includ[ing] claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).  It appears that, if Lester is given the opportunity to amend his complaint, he will attempt to assert a federal claim, thus conferring original jurisdiction on the Court.  Thus, Judge Scott's second basis for dismissing Lester's Writ of Replevin may be curable.

Finally, the Court notes that, even if Lester amended the Writ of Replevin to cure the deficiencies that Judge Scott identified, the amended complaint would fail to state a claim upon

-8-

which it could grant relief.  Rule 8 states that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a).  "[T]he Supreme Court recently . . . prescribed a new inquiry for us to use in reviewing a dismissal: whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"  Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Bell Atl. Corp. v. Twombly, 550 U.S. at 555-56 (internal citation omitted).  Particularly as to his claim against the City of Albuquerque -- the only basis for federal jurisdiction -- Lester's Writ of Replevin is deficient.  First, the Writ of Replevin contains no mention of conduct by the City of Albuquerque or any City of Albuquerque employee.  If either Belt or Doe is a City of Albuquerque employee, the Writ of Replevin does not say so.  Construing the facts in the Writ of Replevin even more liberally than the law requires, the Court cannot understand the connection between Lester's allegations against Belt and Doe -- the only Defendants mentioned in his Writ of Replevin -- and his assertion that "the City engaged in an unconstitutional taking of property belonging to him."  Motion to Reconsider Recommendation to Dismiss.  In short, if the City of Albuquerque is involved in depriving Lester of his vehicle, Lester needs to explain in his amended complaint, in some factual detail, how it is involved.

In sum, based on the deficiencies outlined above, the Court will dismiss Lester's Writ of Replevin.  Lester has ten days from the entry of this Memorandum Opinion and Order in which to file a motion to amend his complaint.  The motion to amend should include, as an attachment, an amended complaint that cures all of the deficiencies outlined in this Memorandum Opinion and Order.  If Judge Scott recommends that the Court grant that motion, and the Court agrees, Lester

should file that amended complaint, and it will become the operative pleading in his lawsuit. If Judge Scott finds that the amendment would be futile, and the Court agrees, this conditional dismissal will become final, and the Court will enter a final judgment in this case. If the Court ultimately dismisses Lester's claims, the Court will deny his motion to proceed *in forma pauperis*, and any other pending motions, as moot.

**IT IS ORDERED** that: (i) the Magistrate Judge's Analysis & Recommended Disposition is adopted in part; (ii) Plaintiff Ralph N. Lester's Writ of Replevin (Doc. 1) is dismissed without prejudice; (iii) the Court will not enter a final judgment for ten days after the filing of this Memorandum Opinion and Order so that Lester may file a motion for leave to amend if he desires.

_____
UNITED STATED DISTRICT JUDGE

*Parties*:

Ralph N. Lester
Albuquerque, New Mexico

    *Plaintiff pro se*